Opinion delivered April 20, 1889.

## No. 6346.

### G. H. Berry *v.* The State.

Slander — Evidence — Practice.— An information for slander by imputing to a female a want of chastity should allege, at least in substance, the language actually used by the accused, and to that language the proof should be confined. If the meaning of the language as charged be obscure, then the information should allege its meaning; otherwise proof of its meaning is not admissible. The meaning of the language charged by the information in this case is clear and unambiguous, but the language proved is not only variant from that alleged, but is obscure in meaning. The trial court permitted a State's witness to testify that he understood the language used by the accused to correspond in meaning with that charged in the information. *Held*, error. See the opinion for the substance of evidence *held* insufficient to support a conviction for slander because it does not support the allegations in the information.

Appeal from the County Court of Knox. Tried below before the Hon. J. J. Truscott, County Judge.

The opinion discloses the case. The penalty assessed against the appellant was a fine of two hundred and fifty dollars, and confinement in the county jail for thirty days.

*E. J. Hamner,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. It is charged in the complaint and information that the defendant slandered Isabella Helm, an unmarried female, by saying that she "was in the family way, meaning thereby that she was with child, and that he believed her brother, F. B. Helm, was the father of the child." There is no evidence proving that he used the precise language above stated. . He said on one occasion that "he had seen Isabella Helm at home, and if there was not something wrong with her his eyes had fooled him; that he saw enough to convince him that there was something wrong with her; that if his eyes had not deceived him worse than they ever had before, she was in that condition." On another occasion he was asked by a neighbor and brother in the church if he had heard any bad reports about Isabella Helm, and, if so, what the reports were. He answered that it was *reported* that she was in the family way, and that it was *reported* that her brother Frank was the other party concerned.

The trial judge, over the defendant's objections, permitted the witness who testified about the language used by defendant on the first occasion above referred to, to testify that they understood him to mean by the words "that condition" that Isabella Helm was in the "family way." We think this was error. The language used by him on said occasion does not of itself correspond, even substantially, with that charged in the complaint and information. He did not say that Isabella Helm was in the family way, or with child, and that he believed her brother Frank was the father of the child. The language used by him may have been intended to, and no doubt did, convey the meaning that she was pregnant, but, not being so alleged in the complaint or information, it was not permissible to prove that such language had any other meaning than that plainly expressed by the words. The complaint and information should have alleged the language actually used by the defendant, at least in substance, and its meaning, not being clear, should have been alleged, and it would have been permissible to prove its meaning in the manner permitted by the court.

With respect to the language used by the defendant on the other occasion referred to, it does not correspond with that charged in the complaint and information either literally or substantially. He did not say that Isabella Helm was in the family way, and that he believed her brother Frank was the father of the child. He said it was so *reported*.

We are of the opinion that the evidence legitimately admitted does not prove the slander as it is alleged in the complaint and information. The slander proved, if any, is not the slander alleged. (Stichtd v. The State, 25 Texas Ct. App., 420; Frisby v. The State, 26 Texas Ct. App., 180.)

Numerous errors are assigned to which we have given consideration. We have been unable, however, to perceive any error in the rulings or charge of the court, except the one we have discussed, and because of that error, and because the evidence does not sustain the allegations, the judgment is reversed and the cause remanded.

*Reversed and remanded.*